**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                      Case No. 05-cr-069-01-PB

<u>Michelle Olivieri</u>

**O R D E R**

    Defendant filed two separate motions to reduce her sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (documents no. 35 & 36). She also filed a motion to appoint counsel to represent her in this matter (document no. 37). For the reasons stated below, both motions to reduce her sentence and the motion for appointment of counsel are DENIED.

    On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses

involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The presentence report (using the November 1, 2005 edition of the Guidelines Manual)determined the defendant was responsible for 1.27 grams of cocaine, which resulted in a base offense level of 18.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 15.  However, pursuant to USSG §4B1.1 the defendant was determined to be a career offender.  Therefore, her offense level was increased to level 32, which was reduced by

three levels for acceptance of responsibility, resulting in a offense level of 29.  At the sentencing hearing the court adopted the facts and findings contained in the presentence report and, after granting defendant's motion for both a downward departure and non-guideline sentence, the defendant was sentenced to 90 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and three years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  Applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in her initial base offense level from level 18 to level 16.  There is no reduction in her total offense level, however, because she was deemed to be a career offender.  As a result, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's guideline range.

Therefore, for the foregoing reasons, Defendant's motions to reduce her sentence (document no. 35 & 36) are DENIED.  Because the court believes the appointment of counsel would have no

impact on the legal issues presented or the legal analysis in this case, the motion to appoint counsel (document no. 37) is also DENIED.

**SO ORDERED.**


Date: April 3, 2008          /s/ Paul J. Barbadoro
                             Paul J. Barbadoro
                             United States District Judge


cc: Michelle Olivieri, pro se
    Counsel of Record